Chin, J.
INTRODUCTION
This matter is before the Court on the Commonwealth’s Motion to Amend an Order of Forfeiture entered on February 23, 1998. For the reasons discussed below, the Commonwealth’s motion is DENIED.
FACTS
On April 1,1996, the defendant, Mario C. Pires, was indicted for trafficking cocaine, in violation of G.L.c. 94C, §32E(b)(2). On February 23, 1998, as part of a plea agreement, the defendant pled guilty to possession of cocaine with intent to distribute, in violation of G.L.c. 94C, §32A(c) and the defendant was sentenced to two and one half years in the Bristol County House of Correction.
After the Court accepted the defendant’s guilty plea, the Assistant District Attorney moved pursuant to G.L.c. 94C, §47(b) to have the sum of Five Hundred Eighty Nine Dollars ($589.00) forfeited to the office of the District Attorney of Bristol County. Despite the Assistant District Attorney’s request, the Court ordered that the seized money be forfeited to the Commonwealth of Massachusetts pursuant to G.L.c. 94C, §47(a). The Commonwealth now seeks to have the Order amended so that the money seized will be forfeited to the office of the District Attorney pursuant to G.L.c. 94C, §47(d).
DISCUSSION
At the close of a criminal proceeding, G.L.c. 94C, §47(b) allows for forfeiture of monies which are proceeds of any sale of controlled substances upon motion of the District Attorney. Money forfeited pursuant to G.L.c. 94C, §47(b) becomes property of the Commonwealth as per §47(a). The statute provides in pertinent part:
(a) The following property shall be subject to forfeiture to the commonwealth and all property rights therein shall be in the commonwealth: (5) all moneys . . . furnished by any person in exchange for a controlled substance . . .
(b) Property subject to forfeiture under subparagraph ... (5) of subsection (a) shall, upon motion of the . . . district attorney, be declared forfeit by any court having jurisdiction over said property . . . (emphasis added).
G.L.c. 94C, §§47(a) and (b).
In 1983, G.L.c. 94C was amended through St. 1977, c. 556, Sec. 3 which added §47(d). Section 47(d) provided for a separate civil proceeding whereby those individuals involved in the seizure of property could obtain a portion of that seized property.
In order for the office of the District Attorney to receive a portion of the seized money, the District Attorney must comply with all of the prerequisites set forth in G.L.c. 94C, §47(d).[1] In other words, before the court issues an order distributing seized money to the office of the District Attorney, the District Attorney must file a petition in the Superior Court; notice must be sent to the owner of the money; and the court must hold an evidentiary hearing to determine whether the seized funds were used in, or were proceeds of, unlawful drug activities. Commonwealth v. Goldman, 389 Mass. 201, 204 (1986).
In the case at bar, the District Attorney did not comply with any of the prerequisites set forth in §47 (d). Instead, the District Attorney simply made a motion at the close of the criminal proceeding, under §47(b), *373 seeking to have the seized money forfeited directly to the District Attorney and the local police department in accordance with §47(d). The District Attorney cannot obtain property subject to forfeiture under §47(a) by simply making a motion under §47(b) at the end of a criminal proceeding. In order to receive a share of property subject to forfeiture, the District Attorney must bring a separate civil forfeiture action under §47(d).
The Commonwealth has cited no authority to support its position that the District Attorney’s office can obtain a portion of forfeited money pursuant to Section 47(b). It argues that the distribution pursuant to Section 47(d) should be applied to motions pursuant to 47(b). It argues that this is done routinely and that they even have a form that provides for this distribution. This court does not believe that the Legislature intended such a result when it added Section 47(d) to the forfeiture statute.
If the court were to allow the District Attorney to obtain forfeited property at the end of a criminal proceeding upon motion under §47(b), by ordering the disposition provided for under §47(d) instead of following the applicable provisions set forth in §47(a), the Court would be creating a situation where the District Attorney would gain a financial stake in criminal prosecutions.
The practice of distributing funds to the District Attorney’s office upon motion pursuant to Section 47(b) has resulted in the unintended situation where high level drug dealers are able to obtain a reduction of their charges in exchange for an agreement to forfeit substantial sums of money to the District Attorney’s office and the local police department. On the other hand, other defendants, without assets to forfeit, are left to serve minimum mandatory drug sentences.
This potential conflict of interest is avoided when the Commonwealth is required to file a civil forfeiture proceeding pursuant to Section 47(d), which would usually be heard after the criminal prosecution is concluded.
The legislature could not have intended to create a situation where the possibility of receiving a plea or the recommendation of probation may become contingent upon an agreement with the District Attorney to forfeit the money seized from drug transactions directly to the District Attorney. Therefore, this Court concludes that the District Attorney must bring a separate civil forfeiture action under §47{d) upon the conclusion of a criminal proceeding in order to obtain a portion of the seized property.
Furthermore, this Court concludes that had the legislature intended to create a situation whereby the District Attorney could obtain forfeited property upon making a motion under §47(b) at the end of a criminal proceeding, the legislature would have amended §47(b) to make that clear. However, the legislature retained the original language set forth in §47(b) which required seized money to be forfeited to the Commonwealth pursuant to §47(a). For the reasons stated herein, the Court will not amend its previous order forfeiting the seized $589.00 to the Commonwealth pursuant to §47(a).
ORDER
For the foregoing reasons, it is hereby ORDERED that the Commonwealth’s Motion to Amend Order of Forfeiture is DENIED.

“(d) A district attorney... may petition the superior court in the name of the commonwealth in the nature of a proceeding in rem to order forfeiture of. . . moneys or other things of value . . . Such petition shall be filed in the court having jurisdiction over said . . . monies . . . The court shall order the commonwealth to give notice ... to the owner of said . . . moneys ... At such hearing the court shall hear evidence and make conclusions of law, and shall thereupon issue a final order ..."
'The final order of the court shall provide that said moneys . . . shall be distributed equally between the prosecuting district attorney . . . and the city, town or state police department involved in the seizure.”